[No. 1021.  Decided November 22, 1893.]

THE SOUTH BEND LAND COMPANY, *Respondent*, v. A. L. DENIO, *Administrator*, *Respondent*, AND HARRY H. HUNTER, *Guardian*, *Appellant*.

ATTORNEY AND CLIENT — CONTROL OF SUIT — DISMISSAL OF APPEAL.

The guardian of a minor, who wages an action in court, has the same right to control the action that any other suitor has, and may stipulate for the dismissal of an appeal regardless of the objection of his attorney.

*Appeal from Superior Court, Pacific County.*

*Edward F. Hunter*, for appellant.

*Richard K. Boney*, and — *Hudson*, for respondent.

The opinion of the court was delivered by

STILES, J.—A suit was brought in the court below against the administrator with the will annexed of Philander W. Swett, the complaint showing that certain lands, the record title to which was in the name of the deceased, had been purchased with money of the South Bend Land Company, and should, therefore, be conveyed by the administrator to it. The appellant, guardian of the minor children of the deceased, sought to intervene in the action by showing the interest of his wards in the result, and that the administrator was a stockholder of the plaintiff company, and upon some other grounds. The petition for leave to intervene was denied, and the guardian appealed. The respondents, after the appellant's brief was on file in this court, procured from the appellant himself a stipulation to dismiss the appeal, which has also been filed, and upon which it is now asked that the appeal be dismissed. The attorney for the appellant alone objects to this disposition of the case, but furnishes no sufficient ground in our

judgment for refusing the action demanded. The guardian of the minor who wages an action in a court has the same right to control the action that any other suitor has. If the course which he takes is inimical to the interests of his wards, or tainted with fraud, the way is always open for his removal and the substitution of some more suitable person.

Upon the stipulation filed we can do nothing but allow the appeal to be dismissed, and it is so ordered.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.